UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
                                                :
ANDREW W. COOK                                  :
                                                :          PRISONER
                                                :          3:05 CV 447(JBA)
v.                                              :
                                                :
                                                :
JO ANNE B. BARNHART,                            :
COMMISSIONER, SOCIAL                            :          FEBRUARY 21, 2006
SECURITY ADMINISTRATION                         :
------------------------------------------------X

<u>RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS AND
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff Andrew W. Cook, an inmate confined at the MacDougall Correctional

Institution in Suffield, Connecticut, filed this action <u>pro se</u> and <u>in forma pauperis</u> on March 11,

2005. (Dkts. ##1-2).[1]  Plaintiff seeks expedited payment from defendant Commissioner of

the Social Security Administration ["SSA"] of the retroactive Supplemental Security Income

["SSI"] benefits to which he believes he is entitled pursuant to the findings of ALJ Bruce H.

Zwecker. (Dkt. #1).  On September 22, 2005, plaintiff filed his Motion for Summary

Judgment, affidavit and Local Rule 56(a) Statement in support.[2]  (Dkt. #11).[3]  On October 4,

2005, defendant filed her Motion to Dismiss and brief and declaration in support (Dkts. ##12-

---

[1]Attached to plaintiff's Complaint is a copy of the Decision of the Social Security
Administration's Office of Hearings and Appeals, dated July 15, 2004 ["ALJ Decision"].

[2]Plaintiff refers to this as the now former Local Rule 9(c) Statement.

[3]Attached are the following six exhibits: copy of the ALJ Decision (Exh. A); copy
of correspondence, dated October 22, 2004 (Exh. B); copy of correspondence, dated
December 27, 2004 (Exh. C); copy of correspondence, dated February 1, 2005 (Exh.
D); copy of correspondence, dated May 3, 2005 to which was attached a copy of
correspondence dated June 2, 2005 and affidavit of Chris Abbate, sworn to September
7, 2005 ["Abbate Aff't"](Exh. E).

14),[4] as to which plaintiff filed his brief in opposition sixteen days later. (Dkt. #16).[5]  On February 8, 2006, United States District Court Judge Janet Bond Arterton referred the pending Motion to Dismiss to  this  Magistrate Judge. (Dkt. #19).

For the reasons stated below, defendant's Motion to Dismiss (Dkt. #12) is <u>granted</u>.

## I. STANDARD OF REVIEW

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  <u>See Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Thomas v. City of N.Y.</u>, 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  <u>See Tarshis v. Riese Org.</u>, 211 F.3d 30, 35 (2d Cir. 2000); <u>Cooper v. Parsky</u>, 140 F.3d 433, 440 (2d Cir. 1998)(citation omitted).  The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims.  <u>Branham v. Meachum</u>, 77 F.3d 626, 628 (2d Cir. 1996)(citation omitted).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  <u>Samuels v. Air Transport Local</u>

---

[4]Attached to the Declaration of John J. Timlin (Dkt. #14) is a copy of the Notice of Decision - Fully Favorable, dated July 15, 2004 ["Notice of Decision"] and another copy of the ALJ Decision (Exh. 1).

[5]Attached are the following twelve exhibits: copy of correspondence, dated August 1, 2004 (Exh. A); copy of correspondence, dated September 14, 2004(Exh. B); copy of correspondence, dated September 24, 2004 (Exh. C); copy of SI 02301.205 Suspension and Reestablishing Eligibility, dated October 8, 2004 (Exh. D); additional copies of correspondence dated October 22, and December 27, 2004 and February 1, May 3, and June 2, 2005 (Exhs. E-F, H-I & K); copy of correspondence, dated January 30, 2005 (Exh. G); copy of the Abbate affidavit (Exh. J); and copy of correspondence, dated July 14, 2005 (Exh. L).

504, 992 F.2d 12, 15 (2d Cir. 1993). In reviewing this motion, the court is mindful that the Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants." Gomes v. AVCO Corp., 964 F.2d 1330, 1335 (2d Cir. 1992)(citations omitted).

## II. FACTUAL BACKGROUND

The Court accepts as true the following facts, taken from the exhibit to plaintiff's Complaint, namely, the findings of the Administrative Law Judge. On September 28, 2000, plaintiff filed an application for SSI payments, which claim was initially denied and reconsidered, prompting a request for a hearing, filed on February 15, 2001. ( ALJ Decision, at 1). A hearing was held on May 25, 2004 at the Macdougall Correctional Institute in Suffield, Connecticut where plaintiff is confined. (Id.). Plaintiff testified that his alleged disability began on August, 25, 2000 as a result of a left ankle injury.[6] (Id.). ALJ Zwecker concluded that plaintiff was "unable to perform work activity at any exertional level on a regular or continuing basis during the period from August 25, 2000 until November 21, 2001." (Id. at 5). Accordingly, plaintiff was determined eligible for SSI payments for the relevant time period. (Id. at 6). Because ALJ Zwecker held that plaintiff's disability ceased on November 21, 2001, plaintiff's SSI payments ended effective January 2002, the end of the second calendar month after the month in which plaintiff's disability ceased. (Id.).

Thereafter, on March 11, 2005, plaintiff filed his Complaint in which he alleges that he has exhausted administrative remedies and is seeking "exp[e]dited payments including filing fees and interest owed on retroactive benefits" that plaintiff was granted by the ALJ's Decision. (Dkt. #1, at 1).

## III. DISCUSSION

---

[6]Plaintiff accidentally shot himself in the left ankle, while he was cleaning a gun in August 2000. (ALJ Decision, at 2).

Defendant contends that plaintiff's action must be dismissed on grounds that this Court lacks subject matter jurisdiction (Dkt. #13, at 2-3) as plaintiff has failed to exhaust his administrative remedies before commencing this action (id. at 3-4); and plaintiff has failed to allege any permissible basis for waiver of the exhaustion requirement (Id. at 5).

A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants contend that plaintiff has not exhausted his administrative remedies as required to obtain a judicially reviewable "final decision."  (Dkt. #13, at 4-5).  Plaintiff responds that he exhausted all administrative remedies "as are available"; he brought this action to challenge the delay and indifference by defendant in providing plaintiff with his "legally entitled retro[active benefits] pursuant to [42] U.S.C. § 405(q)"; and that he has obtained a "final decision".[7]  (Dkt. #16, at 1, 4-8).  Plaintiff also reiterates that his action is not for review of his favorable decision, but is the "result of non-payment of legally entitled retro[active] benefits." (Id. at 1).

The  United  States  Supreme  Court  has  long  recognized  that  the  doctrine  of administrative exhaustion "should be applied with a regard for the particular administrative scheme at issue." Weinberger v. Salfi, 422 U.S. 749, 765 (1975)(multiple citations omitted). As the Supreme Court explained:

> [e]xhaustion is generally required as a matter of preventing premature interference with agency process, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

_____

[7]Specifically, according to plaintiff, since he did "not appeal [his Favorable Decision] and the council [did] not review [his] decision on its own motion (within 60 days) . . . [the] decision will be a final decision." (Dkt. #16, at 1).  In support of this contention, plaintiff relies on the language in the Notice of Decision: "If you do not appeal and the [Appeals] Council does not review [the ALJ's] decision on its own motion, you will not have a right to court review. [The ALJ's] decision will be a final decision that can be changed only under special rules."  (Notice of Decision, at 2).

4

Id. (citation omitted).  Furthermore, where a right is created by a statute and that statute provides a special remedy, that remedy is exclusive.  See United States  v. Babcock, 250 U.S. 328, 331 (1919)(multiple citations omitted). Therefore, the court must look to the language of the statute and to the statutorily specified jurisdictional prerequisites in order to determine if plaintiff has exhausted his administrative remedies, and thus whether this court has jurisdiction over plaintiff's claims.

Section 205(g) of the Social Security Act provides:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Section 205(g) "clearly limits judicial review to a particular type of agency action," that type being "a final decision of the Secretary made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977)(internal quotations omitted).[8]

Although a "final decision" is a statutory specified prerequisite for judicial review and such decision is not reached until the steps of the administrative review process have been completed, see 20 C.F.R. § 416.1400(a)(5), the term "final decision" is not defined in the Social Security Act.  The meaning of a "final decision"  is "left to the Secretary to flesh out by regulation." Salfi, 422 U.S. at 766.  "The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interest in effective and efficient administration." Id.

The administrative review process consists of the following five steps: (1) initial

---

[8]A review of findings of fact or a decision is permitted only if the statute so provides.  See 42 U.S.C. §405(h)("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

determination; (2) reconsideration; (3) administrative hearing before an administrative law

judge; (4) Appeals Council review, and (5) federal court review. 20 C.F.R. § 416.1400(a)(1)-

(5).   On September 28, 2000, plaintiff filed an application for SSI payments, which claim was

denied initially and upon reconsideration, after which plaintiff requested an administrative

hearing, which was held on May 25, 2004 before ALJ Zwecker. (ALJ Decision, at 1 & 4; see

also Dkt. #13, at 2).   ALJ Zwecker concluded that plaintiff was "unable to perform work

activity at any exertional level on a regular or continuing basis during the period from August

25, 2000 until November 21, 2001." (ALJ Decision, at 5).  Accordingly, in his decision dated

July 15, 2004, ALJ Zwecker determined that plaintiff was eligible for SSI payments for that

relevant time period. (Id. at 6).  Thereafter, plaintiff, who remains incarcerated, began his

correspondence with the SSA in an effort to direct the receipt of his benefits.  (See Dkt. #16,

Exhs. A-D, E-I).[9]  On September 5, 2005, plaintiff received a benefit payment in the amount

---

[9]In a letter dated February 1, 2005, plaintiff was informed that in order for the plaintiff to receive retroactive SSI benefits, "a review has [to be] completed with that person." (Dkt. #16, at Exh. H).  Because plaintiff has been incarcerated from November 21, 2000 to January 18, 2001, May 14, 2001 to November 05, 2001 and January 21, 2002 to the present, such review has not been completed.  (Id.).  Plaintiff was further advised that the Social Security Office "cannot pay you anything until we do a review with you and since you are currently incarcerated, we can't do a review with you.  When you get released from prison, contact your nearest social security office and they will be happy to complete the necessary review with you." (Id.).

Plaintiff was further informed by a staff attorney from the Inmates' Legal Assistance Program that he "must be interviewed before [he] can receive the benefits" and Chris Smith at the Social Security office in Hartford "is willing to perform the interview over the phone and agreed to schedule the call for a set time." (Dkt. #16, Exh. I).  Plaintiff has attempted to set up such phone interview.  (See Dkt. #16, Exhs. K-L; Abbate Aff't).  Plaintiff is aware that upon his release from this current period of incarceration, he may complete the necessary

of $3063.00; plaintiff contends he is still owed retroactive benefits for three more months. (Dkt. #16, at 6-8). At no time since the issuance of the "Fully Favorable" decision of ALJ Zwecker has plaintiff sought review from the Appeals Council. Accordingly, a "final decision" has not been rendered so as to give this Court jurisdiction over his claim. See 20 C.F.R. § 416.1400(a)(5); see Dkt. #14, ¶ 3(a); Dkt. #16, at 2.

This Court observes that plaintiff is seeking enforcement of the findings in the ALJ's decision, namely, expedited payment of the retroactive benefits that he believes he is owed.[10] Plaintiff is not seeking judicial review of such decision. As stated above, Section 205(g) is the basis for district court jurisdiction over a civil action commenced after a final decision of the Commissioner of Social Security. Section 205(g) accords authority to this Court to affirm, modify or reverse a decision of the Secretary, but contains no suggestion that the Court has

───────────────────

review in order to receive his retroactive benefits.

[10]Plaintiff seeks expedited benefit payments pursuant to 42 U.S.C. § 405(q) which provides:

(1) The Commissioner of Social Security shall establish and put into effect procedures under which expedited payment of monthly insurance benefits . . . will be made . . .

(2) In any case in which - -

1(A) an individual makes an allegation that a monthly benefit under this subchapter was due him in a particular month but was not paid to him, and

(B) such individual submits a written request for the payment of such benefit - -

. . .

the Commissioner of Social Security shall, if the Commissioner finds that benefits are due, certify such benefits for payment, and payment shall be made within 15 days immediately following the date on which the written request is deemed to have been filed.

powers beyond those authorized above.  The SSA has not issued a "final decision" regarding expedited payments of retroactive benefits; it has merely engaged in written correspondence with plaintiff over this issue from August 1, 2004 through July 14, 2005.  (Dkt. #16, Exhs. A-C, E-H, K-L).

  B. WAIVER OF THE EXHAUSTION REQUIREMENT

  Defendant also contends dismissal is appropriate as plaintiff has not alleged any permissible basis for waiver of the exhaustion requirement; namely, plaintiff has failed to present any allegations that are collateral to his claim of benefits, which would excuse his failure to exhaust his administrative remedies. (Dkt. #13, at 5).  Plaintiff contends that this present claim is collateral to his claim for benefits as plaintiff seeks "costs for filing and interest for one year in the amount paid and still owed . . . ." (Dkt. #16, at 7-8).

  The United States Supreme Court has held that "in certain special cases. . . pursuing the claim through administrative channels is not always appropriate." Heckler v. Ringer, 466 U.S. 602, 618 (1984)(citations omitted).  The exhaustion requirement may be waived in such cases where a claim is "wholly 'collateral'", and where a colorable showing is made that the claimant's injury "could not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." Id.; see Mathews v. Eldridge, 424 U.S. 319, 330-31 (1976).   Plaintiff's claim is not collateral and he can be made whole by the retroactive payment of benefits; thus, a waiver of the exhaustion requirement is not applicable.

  IV. CONCLUSION

  For the reasons set forth above, defendant's Motion to Dismiss (Dkt. #12) is granted. In light of the conclusions reached in Sections III. A & B., plaintiff's Motion for Summary Judgment (Dkt. #11) is denied without prejudice as moot.

  See 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days

**after service of same);** Fᴇᴅ. R. Cɪᴠ. P. 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 21st day of February, 2006.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge